UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

SIDI MAHMOUD MOHAMED SALEM,

                Petitioner,                   Case No. 1:26-cv-580

v.                                   Honorable Jane M. Beckering

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) This matter is presently before the Court on Respondents' motion to dismiss or transfer this matter to the United States District Court for the Southern District of Texas. (ECF No. 10.) For the following reasons, the Court concludes that it lacks jurisdiction over the petition. The Court will, therefore, grant Respondents' motion and will transfer this matter to the United States District Court for the Southern District of Texas.

## Discussion

### I.  Relevant Background

Petitioner is a citizen of Mauritania. (Pet., ECF No. 1, PageID.2.) Petitioner entered the United States on or about April 3, 2023, without inspection. (Notice to Appear (NTA), ECF No. 11-1, PageID.16.) That same day, a Border Patrol agent encountered and arrested Petitioner (2025 I-213, ECF No. 11-2, PageID.21) and the Department of Homeland Security (DHS) issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of

the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (NTA, ECF No. 11-1, PageID.16.)

On November 12, 2025, ICE agents arrested Petitioner while Petitioner was attending his regular ICE check-in. (Pet., ECF No. 1, PageID.2; 2025 I-213, ECF No. 11-2, PageID.22.) Petitioner was "held at El Valle Detention Facility in Raymondville, Texas." (2025 I-213, ECF No. 11-2, PageID.22; Notice to EOIR: Alien Address, ECF No. 11-3, PageID.24.) He currently remains at the El Valle Detention Facility. *See* Online Detainee Locator System, https://locator.ice.gov/odls/#/search (enter "A-Number" 246776499; enter "County of Birth," Mauritania, select "Search by A-Number") (last accessed Mar. 19, 2026); (Detainee Locator Search Results, ECF No. 11-4, PageID.26) (indicating that Petitioner was detained at the El Valle Detention Facility as of February 27, 2026).)

On February 19, 2026, Petitioner filed his petition in the United States District Court for the Southern District of Texas. In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner from custody. (Pet., ECF No. 1, PageID.29.) He also names the Director of the Detroit Field Office of ICE as a Respondent and alleges that he is detained at the North Lake Processing Center in Baldwin, Michigan. (*Id.*, PageID.2, 8.) Citing these allegations, the United States District Court for the Southern District of Texas transferred this matter to this Court for further proceedings. (ECF No. 4.)

In an Order entered on February 24, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 9.) On February 27, 2024, Respondents filed a motion to dismiss or transfer this matter to the United States District Court for the Southern District of Texas. (ECF No. 10.) In their motion and supporting memorandum, Respondents argue that Petitioner is and was detained in the Southern District of Texas, not within this District, and that, as a result, this Court lacks jurisdiction over Petitioner's § 2241 petition. (ECF No. 11, PageID.10–11.) Respondents attached to their supporting memorandum Petitioner's NTA, 2025 I-213, Notice to EOIR: Alien Address, and a printout of the search results from the ICE Online Detainee Locator System. (*See* ECF Nos 11-1, 11-2, 11-3, 11-4.)

In an Order entered on March 13, 2026, the Court directed Petitioner to show cause, within three business days, why this case should not be transferred to the Southern District of Texas. Petitioner did not file a response.

## II.  Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). "The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443.

Under 28 U.S.C. § 1406(a) and 28 U.S.C. § 1631, if a district court lacks jurisdiction over a matter, it may dismiss the case or transfer it to a district where jurisdiction would be proper.

### III. Discussion

Petitioner's allegation that he was detained at the North Lake Processing Center at the time that he filed his petitioner appears to be a typographical error. The I-213 created at the time of Petitioner's arrest and initial detention and search results from the ICE Detainee Locator System on both February 27, 2026, and March 19, 2026, indicate that Petitioner was and is detained at El Valle Detention Facility in Raymondville, Texas, located within the Southern District of Texas. Petitioner has not alleged otherwise in response to this Court's March 13, 2026, order to show cause.

Therefore, because this District is not "the district of confinement," this Court lacks jurisdiction over Petitioner's petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241(a); *Rumsfeld*, 542 U.S. at 442. The Court will grant Respondents' motion and will transfer this matter to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1406(a).

### Conclusion

For the reasons discussed above, the Court will enter an Order granting Respondents' motion (ECF No. 10) and will transfer Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1406(a).

Dated:     March 19, 2026                        /s/ Jane M. Beckering
                                          Jane M. Beckering
                                          United States District Judge